IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARIS FAVELA, MARÍA FAVELA,
IVAN FAVELA, JUAN ANTONIO
ALVARADO, and MANUEL
GARCÍA,

     Plaintiffs,                      No. CIV 98-604 MV/JHG

vs.

CLIFTON GATTIS, SHARON
GATTIS, and C.D.S. PACKING CO.,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, filed July 20, 1998 **[Doc. No. 4]**. The Court, having considered the motion, response, relevant law, and being otherwise fully informed, finds that the Motion is not well taken and will be **DENIED**, as explained below.

### BACKGROUND

Plaintiffs are five farm workers who were hired by Defendant C.D.S. Packing Company ("CDS") to pick lettuce during the fall of 1997. Plaintiffs allege that Defendants failed to pay them for all of the hours they worked. Accordingly, they assert violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, the Migrant and Seasonal Agricultural Worker's Protection Act, 29 U.S.C. § 1801 *et. seq.*, and breach of contract.

Defendants filed the instant Motion to Dismiss on July 20, 1998. Defendants assert that they are exempt from the cited federal regulatory laws. Although Defendants caption their motion as "Motion to Dismiss," Defendants have submitted an affidavit in support of the motion and request that the Court treat the motion as one for summary judgement, pursuant to Rule 56. After Plaintiffs filed their Response on July 28, 1998, Defendants requested and were given additional time to file a reply. Finally, on September 14, 1998, Defendants filed a one sentence Reply stating that they had no additional facts or law to contribute.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case."*Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

**ANALYSIS**

Defendants argue that they are not subject to the federal regulations contained in the Fair Labor Standards Act ("FLSA") or the Migrant and Seasonal Agricultural Worker's Protection Act ("AWPA"), and therefore seek summary judgement in their favor on all counts. As Plaintiffs thoroughly demonstrate, Defendants' argument is so lacking in foundation that the Court is compelled to conclude that the motion is frivolous. Accordingly, the Court will award the Plaintiffs costs and attorneys' fees, as explained below.

1.  **The FLSA**

The FLSA, 29 U.S.C. § 201 *et. seq.*, guarantees a minimum wage to nearly all workers in this country. Section 213 of the Act does exempt certain agricultural workers from the reach of the statute. 29 U.S.C. § 213. That provision reads, in relevant part:

> The provisions of section 206 . . . and section 207 of this title shall not apply with respect to . . . (6) any employee employed in agriculture . . . (C) if such employee (i) is employed as a hand harvest laborer and is paid on a piece rate basis in an operation which has been, and is customarily and generally recognized as having been, paid on a piece rate basis in the region of employment, (ii) commutes daily from his permanent residence to the farm on which he is so employed, and (iii) has been employed in agriculture less than thirteen weeks during the preceding calendar year . . . .

29 U.S.C. § 213. The breadth of this exemption is clearly explain in the Code of Federal Regulations. 29 C.F.R. §780.310 states:

> Section 13(a)(6)(C) was added to the Act by the Fair Labor Standards Amendments of 1966. The legislative history of the exemption indicates that it was intended to apply to the local worker who goes out on a temporary basis during the harvest season to harvest crops. The exemption was not intended to apply to a full-time farmworker, that is, one who earns a livelihood at farming. For instance, migrant laborers who travel from farm to farm were not intended to be within the scope of this exemption.

As 29 C.F.R. § 780.311 states, for the exemption to apply, all of the following six factors must be demonstrated: that the worker

> (1) Is employed in agriculture; (2) Is employed as a hand harvest laborer; (3) Is paid on a piece-rate basis; (4) Is paid piece-rates in an operation which has been, and is customarily and generally recognized as having been, paid on a piece-rate basis in the region of employment; (5) Commutes daily from his permanent residence to the farm on which he is so employed; (6) Has been employed in agriculture less than 13 weeks during the preceding calendar year.

Finally, 29 C.F.R. § 780.316 explains that,

> (c) In determining the 13-week period, not only that work for the current employer in the preceding calendar year is counted, but also that agricultural work for all employers in the previous year. It is the total of all weeks of agricultural employment by the employee for all employers in the preceding calendar year that determines whether he meets the 13-week test. . . .
>
> (e) If an employer claims this exemption, it is the employer's responsibility to obtain a statement from the employee showing the number of weeks he was

4

employed in agriculture during the preceding calendar year. This requirement is contained in the recordkeeping regulations in § 516.33 (d) of this chapter.

Defendants argue that they are exempted from the FLSA because Defendants themselves employed Plaintiffs for less than 13 weeks. As the language quoted from both the statute and the applicable regulations demonstrates, this is irrelevant. The question is whether Plaintiffs were employed in agriculture for a total of more than 13 weeks in 1997, regardless of who they were employed by. Plaintiffs have submitted affidavits stating that each was employed as an agriculture worker for at least 5 months if not more in 1997. Defendants have failed to produce contrary evidence, even though, as 29 C.F.R. § 780.316 plainly states, it is their obligation to keep and produce documentation of their employees' weeks in agriculture work if Defendants wish to use the exemption contained in 29 U.S.C. § 213. Indeed, the Court is troubled to learn that Defendants have failed to even produce these documents to Plaintiffs' counsel despite the fact that Federal Rule of Civil Procedure 26(a) mandates their disclosure.[1] Defendants fail to even address the remaining factors required for the §213 exemption applies.

On the basis of the forgoing, there is no room for doubt that Defendants are not entitled to judgement as a matter of law on Plaintiffs' claims pursuant to the FLSA based on the exemption cited.

2.     **The AWPA**

The AWPA, 29 U.S.C. § 1801 *et. seq.*, provides additional protection to workers employed in agriculture. Like the FLSA, the AWPA contains certain exemptions. In particular,

---

[1]Because Plaintiffs have not moved to compel production, the Court will not now issue such an order. However, the Court wishes to make clear that the Court will strictly enforce the discovery obligations of all parties.

the Act does not apply to "(D) Any person who engages in any farm labor contracting activity solely within a twenty-five mile intrastate radius of such person's permanent place of residence and for not more than thirteen weeks per year." 29 U.S.C. § 1803(a)(3)(D). This exemption, like the other exemptions contained in the same section, apply to the employer not the employee. *See* 29 U.S.C. § 1803(a)(1) (exempting "family businesses"); (2) (exempting "small businesses"); 3(B) (exempting "labor organizations"); 3(C) (exempting "non-profit organizations"); *et. seq.*; *see also* 29 C.F.R. § 500.30 (explaining this section and defining "permanent place of residence" for a corporate employer as a "single designated location.") Thus, the relevant question is not whether Plaintiffs worked within 25 miles of their home and for less than 13 weeks, but whether Defendants did.

Viewing Defendants brief favorably, Defendants completely misconstrue the meaning of the § 1803(a)(3)(D) exemption. Defendants argue solely that the Plaintiffs in this case worked within 25 miles of their home and for less than 13 weeks. Again, this is irrelevant. Defendants have failed to argue let alone proffer any evidence demonstrating that they, the Defendants, did not work more than 25 miles from their "place of residence" and for more than 13 weeks. While Plaintiffs "believe" that neither fact can be established, they are unable to proffer any evidence on this point at this early stage in discovery as this information is uniquely in Defendants' hands.

However, because Defendants have failed to even correctly comprehend or argue the controlling law, Plaintiffs have sufficiently rebutted Defendants argument for summary judgment. Accordingly, Defendants are not entitled to judgement as a matter of law as to Plaintiffs' AWPA claims.

### 3. Breach of Contract

Defendants' motion to dismiss the breach of contract claim is wholly derivative of the above two arguments. Defendants assert that if they are exempt from both the FLSA and the AWPA, they cannot be found liable for breach of contract. For the reasons noted above, this argument is meritless. Therefore, Defendants are not entitled to judgment as a matter of law on Plaintiffs' breach of contract claim.

### 4. Plaintiff's Motion for Sanctions

Even the most cursory reading of the controlling statutes and federal regulations demonstrates that Defendants' arguments are utterly lacking in merit. Further, Defendants brought this motion for summary judgment, miss-applying exemptions, miss-quoting statutes, and citing irrelevant facts, when the truly relevant facts remain in their exclusive control. Finally, Defendants unnecessarily delayed this process by requesting an extension of time to file a reply brief and then, two months later, filing a one sentence "Memorandum" which merely stated they had nothing more to say. Even if Defendants' counsel honestly misunderstood the applicable law, the proper course of action would have been to withdraw the motion rather than delay these proceedings further. For these reasons, the Court finds that Plaintiffs are entitled to costs and attorneys' fees for defending this motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **[Doc. No. 4]** is hereby **DENIED**. Defendants are ordered to pay Plaintiffs costs and attorneys' fees incurred in

responding to this motion. Plaintiffs' counsel are directed to file an affidavit stating the fees and costs incurred within ten (10) days of the entry of this Order.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE


Attorneys for Plaintiff:
Olga Pedroza
Nancy Simmons

Attorney for Defendant:
Mary Torres